## HARDMAN vs. NOWELL et al.

Where the administrator or executor of a deceased person was not a party to the cause, and the testimony for the plaintiff which defendant sought to rebut did not relate to anything that transpired between defendant and such deceased person, defendant was a competent witness to give such rebutting testimony.

December 7, 1888.

Witness. Evidence. Before Judge HUTCHINS. Walton superior court. August term, 1888.

Reported in the decision.

FOSTER & BUTLER, CALVIN GEORGE and B. S. EDWARDS, for plaintiff in error.

H. D. McDANIEL and McHENRY & WALKER, contra.

BLANDFORD, Justice

This was an action of ejectment, brought by Hattie B. Nowell, Willie A. Sheats and Ossie Ray, against B. Hardman. The plaintiffs claimed title to the land in dispute under a deed of gift from the defendant to their father, W. S. R. Hardman, deceased, who was a son of the defendant. The jury found for the plaintiffs.

On the trial in the court below, the plaintiffs introduced witnesses who testified that the defendant had made statements to the effect that he had given the land in dispute to his son, the father of the plaintiffs. This testimony did not relate to what had transpired between the defendant and his son, the latter not being present when the statements testified to were made. The defendant offered, in his own behalf, to testify in rebuttal of this testimony; but the court held that he was an incompetent witness, the son being dead. We think this was error. There is nothing in the evidence

act of 1866 which rendered him incompetent; indeed, under that act he was competent, where at common law, he would not have been competent. The executor or administrator of the deceased was not a party to the case; and the testimony which the defendant sought to rebut did not relate to anything that transpired between the defendant and the deceased. We have held that where the executor or administrator of the deceased is a party, the opposite party is left in the condition he was in before the passage of the act of 1866; he was then incompetent and could not testify to anything, whether the matter transpired between him and the deceased or not. We think that, under the circumstances of this case, the defendant was competent to rebut the testimony of these witnesses. We know of no decision to the contrary; indeed this view is in accordance with the uniform rulings of this court since the act of 1866.

Judgment reversed.